NYCTL 1998-2 Trust v Bethelite Community Baptist Church (2022 NY Slip Op 06325)

NYCTL 1998-2 Trust v Bethelite Community Baptist Church

2022 NY Slip Op 06325

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, JJ. 

Index No. 113197/09 Appeal No. 16626 Case No. 2022-00626 

[*1]NYCTL 1998-2 Trust, et al., Plaintiffs-Respondents,
v
Bethelite Community Baptist Church Also Known as Bethelite Community Church, Inc. et al., Defendants-Appellants. Atlah worldwide Missionary Church, et al., Defendants.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Phillips Lytle LLP, Rochester (Tara M. Ward of counsel), for respondents.

Order, Supreme Court, New York County (Francis Kahn, III, J.), entered on or about February 4, 2022, which denied defendant Bethelite Community Baptist Church a/k/a Bethelite Community Church, Inc.'s motion to vacate an order and judgment of foreclosure and sale of the same court (Arlene P. Bluth, J.), entered February 19, 2020, which granted plaintiffs' motion for summary judgment against defendant, confirmed the Referee's report with respect to the amount owed, and granted a judgment of foreclosure and sale, unanimously affirmed, without costs.
The court correctly concluded that CPLR 5015(a)(1) was inapplicable because defendant never defaulted in appearance, even if it believed its attorney's work was sub-par. Defendant further failed to meet its heavy burden to demonstrate that vacatur was proper pursuant to CPLR 5015(a)(2). To the extent defendant relies on New York City Council resolutions and the Administrative Code as potentially newly discovered evidence, the legislative materials, which are matters of public record, are not, in general, deemed new evidence which could not have been discovered with due diligence (see generally Felix v Law Offs. of Thomas F. Liotti, 129 AD3d 773 [2d Dept 2015], lv dismissed 26 NY3d 1096 [2016]).
Defendant also does not directly address how the foreclosure judgment was the result of fraud, mistake, inadvertence, surprise, or excusable neglect as the basis for vacatur (see Long Is. Light. Co. v Century Indem. Co., 52 AD3d 383, 384 [1st Dept 2008]). Moreover, defendant's contention that it was denied due process because it was unable to challenge the interest rate charged on the lien at a hearing before a referee was rejected in NYCTL 1998-2 Trust v Bethelite Community Baptist Church (192 AD3d 429, 430 [1st Dept 2021], lv denied 37 NY3d 906 [2021]), and defendant is barred by the law of the case doctrine from relitigating this issue (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545-546 [1st Dept 2013]). Even if we were to review defendant's argument, we would find that the motion court providently exercised its
discretion in denying defendant's motion to vacate the foreclosure judgment on equitable grounds because the equities here do not favor defendant.
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022